IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CORADELL V. SIMS                                                                          PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:16-CV-258-SA-RP

JOHN W. CHAMPION,
STEVEN P. JUBERA, and
CRYSTAL MERCER                                                                         DEFENDANTS

ORDER OF DISMISSAL

Coradell Sims filed his *pro se* Complaint [1] in this Court on November 8, 2016 against John Champion, Steven Jubera, and Crystal Mercer. Champion is the District Attorney for the Seventeenth Circuit Court District of Mississippi, Jubera is the Assistant District Attorney, and Mercer is employed by the same district attorney's office as an investigator. The Court subsequently granted the Plaintiff *in forma pauperis* status. *See* [4].

The Defendants filed a Motion to Dismiss [7] all of the Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim. It appears from the Defendants' motion that all three Defendants may have been involved in a state court criminal prosecution and conviction of the Plaintiff in 2010, or in the revocation of the Plaintiff's post-release supervision in 2014. The Defendants put forth a variety of defenses and immunities including the *Rooker-Feldman* doctrine, the *Heck* doctrine, Eleventh Amendment immunity, and prosecutorial immunity. The Plaintiff filed a brief response [10, 11].

Fully aware of its obligation to liberally construe *pro se* pleadings, the Court nevertheless found the Plaintiff's complaint unclear and lacking substantive factual material. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). The Court issued an Order to Show Cause [14] highlighting the deficiencies in the Plaintiff's Complaint, and granting

additional time for the Plaintiff to amend his pleadings. In its Order to Show Cause, the Court gave the Plaintiff explicit instructions on procedurally how to respond, and brought the "short and plain statement of the claim showing that the pleader is entitled to relief" standard to the Plaintiff's attention. *See* FED. R. CIV. P. 8(a)(2). The Court also put the Plaintiff on notice that a failure to respond to the Court's order and cure the deficiencies in his pleadings would lead to dismissal.

The Plaintiff filed two additional documents after the Court's show cause order. *See* [16, 18]. These documents do little to illuminate any factual basis for the Plaintiff's claims, or what relief he is seeking. As noted in the Court's previous order, none of the Plaintiff's pleadings contain specific, coherent factual allegations involving any of the named defendants. The Plaintiff does briefly mention the Constitution and the Fourteenth Amendment in his pleadings but does not provide any facts that could support an allegation of a constitutional violation, or any clear basis for federal jurisdiction.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Sullivan v. Leor Energy LLC*, 600 F.3d 542, 546 (5th Cir. 2010). "Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' FED. R. CIV. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, – U.S. –, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (Nov. 10, 2014).

While a plaintiff's complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Id.* 135 S.

Ct. 346 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Whether a plaintiff has stated a plausible claim for relief is "context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

In addition, because the Plaintiff is proceeding *in forma pauperis*, Title 28 U.S.C. § 1915 authorizes this Court to dismiss the case at any time if it determines that "the allegation of poverty is untrue; or . . . the action or appeal . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

Because the Plaintiff's pleadings fail to meet the pleading standards noted above, despite the Court's attempts to allow the Plaintiff additional opportunities to amend and cure the defects, the Court finds that dismissal is appropriate. In addition, the Plaintiff failed to respond substantively to the defenses and immunities asserted by the Defendants, thus conceding those arguments. Finally, the Plaintiff failed to comply with this Court's Order to Show Cause.

For all these reasons, the Defendants' Motion to Dismiss [7] is GRANTED. The Plaintiff's claims are DISMISSED with prejudice, and this CASE is CLOSED.

So ORDERED on this the 7th day of July, 2017.

    /s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE